UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAQUELL L. DIXON,              ) | |
|                                )  | |
|     Plaintiff,            ) | |
|                                )  | |
|     vs.                  ) | Cause No. 3:07-CV-0310 PS |
|                                )  | |
| D. HJERQUIST, *et al.*,        ) | |
|                                )  | |
|     Defendants.          ) | |

## OPINION AND ORDER

Jaquell L. Dixon, a prisoner confined at the Miami Correctional Facility ("MCF"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Correctional Officer D. Hjerquist used excessive and unnecessary force against him. He also names Indiana Department of Correction Commissioner J. David Donahue and MCF Superintendent John VanNatta as defendants. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis

omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

According to the complaint, on July 6, 2005, Mr. Dixon was standing by a sanitation closet putting chemicals away. When Officer Hjerquist approached and asked for the chemicals, Dixon said, "hold up," presumably to give himself a moment to move away from the closet door. Before he could move away from the door, Officer Hjerquist "grabbed the plaintiff by the throat and stated that he would move me from the front of the door." (Complaint at p 3).

Mr. Dixon seeks only damages. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d

2

269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Neither Commissioner Donahue nor Supt. VanNatta were personally involved in the use of force against Mr. Brooks or present when it occurred. These defendants are supervisors of the officer Mr. Dixon alleges used excessive force, but he may not rely on the doctrine of *respondeat superior* to name them as defendants. *Moore*, 999 F.2d at 1129.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). A correctional officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a prison official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley*, 475 U.S. at 321.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be

3

dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving Mr. Dixon the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim against Officer Hjerquist under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992).

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendant D. Hjerquist in his personal capacitiy for damages on his Eighth Amendment excessive use of force claim;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendants David Donahue and John VanNatta;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendant Hjerquist respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendant Hjerquist on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**SO ORDERED.**

ENTERED: August 16, 2007

s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT